UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV441-J

RICHARD E. NICHOLS                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                         DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Richard Nichols ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On May 22, 2006, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's degenerative arthritis of the knees and Hepatitis C were severe impairments, but that they did not prevent him from performing his past relevant work as an assembler. This became the final decision of the Defendant on all applications when the Appeals Council denied review on April 24, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

1

supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

### ARGUMENTS ON THIS APPEAL

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process. The critical step in this case is Step 4, i.e., the plaintiff must show that he is unable to his past relevant work. The ALJ relied on the testimony of a vocational expert to reach a determination that Mr. Nichols' functional ability was not incompatible with some of his past relevant work. Accordingly, as the determination at Step 4 was adverse to the claimant, the process terminated at that stage.

Plaintiff argues that the ALJ did not adequately explore the exertional requirements of the past relevant work. The ALJ found that Mr. Nichols had worked as an assembler at two different strength levels, one medium and one light. Mr. Nichols argues that the record is ambiguous as to whether his assembler work at Electrolux was a "composite job" and the ALJ did not attempt to clarify this issue. However, the vocational expert testified regarding the demands of light assembly work as it is normally performed in the economy. Tr. 35. This is a legally appropriate test, and although he had the opportunity at the hearing, plaintiff failed to cross-examine the vocational expert

2

on this issue. The Court finds no error.[1]

Plaintiff next contends that the ALJ erred in assessing Residual Functional Capacity (RFC). RFC is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC. Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999). The responsibility for assessing RFC lies with the ALJ. 20 CFR Sec. 404.1546( c), and 416.946( c).

The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Howard, 276 F.3d at 240. "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Yang v. Comm'r of Soc. Sec., No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D.Mich. July 14, 2004).

Thus, in view of the principle that the plaintiff bears the burden of proof regarding his limitations and the principle that RFC is a factual determination belonging to the ALJ, Mr. Nichols' contention is essentially that substantial evidence fails to support the ALJ's determination regarding RFC. The ALJ relied on the report of Mehmet Akaydin, M.D., who examined Mr. Nichols on August 23, 2006. Tr. 15. Dr. Akaydin noted that plaintiff appeared "extremely healthy, solid,

---

[1] Plaintiff's contention that the ALJ erred in failing to apply the Medical-Vocational guidelines to direct a finding of disability is subsumed in this argument, given that the guidelines are only relevant if the sequential evaluation moves to Step 5.

vigorous, and robust." Tr. 205. Muscle strength, tone and bulk were "very good" and "normal, and claimant exhibited no gait abnormality, no difficulty in moving about the examination room, getting on and off the examination table, and showed good range of motion except with regard to his hips. Tr. 206-207. Dr. Akaydin observed only some minimal to mild osteoarthritic crepitus in both knees. Tr. 208, and he noted that Mr. Nichols affirmed that the only physical restrictions that have been imposed on him are not to stand on his feet for more than 8 hours in a work day or to stand in one position for more than half an hour at a time. Tr. 208. Dr. Akaydin's impression was of a fully ambulatory individual with fully intact upper and lower extremities, able to perform work that was "at least" mildly to moderately strenuous type work. Tr. 208.

Plaintiff argues that the ALJ should have placed more reliance on the April 8, 2004 report of Dr. Koenigsmark, who consulted radiological studies, noted an impression of probably osteoarthritic changes of the knees and lumbar spine, and described "mild changes" in functional ability. Tr. 201. However, Dr. Koenigsmark also noted that Mr. Nichols demonstrated pain with some forms of movement, but that "the degree of impairment that the claimant showed was much greater than the amount of physiologic findings that were present. Tr. 201. The examiner specifically noted that Mr. Nichols did much better when walking out of the exam than during the exam.

The ALJ determined that plaintiff had the Residual Functional Capacity to perform light work, but (incorporating the restriction Mr. Nichols reported to Dr. Akaydin) would require a sit/stand option. As noted above, such a determination is fully supported by substantial evidence, and it is beyond the authority of this Court to substitute its own finding of fact for that of the ALJ.

Finally, plaintiff argues that the ALJ erred in evaluating the incapacitating effects of Mr.

Nichols' obesity. Plaintiff fails to point to any evidence that Mr. Nichols has been diagnosed as obese, that he is been advised to lose weight in order to relieve functional limitations, or other medical evidence of a limiting effect related to obesity. As the burden is on plaintiff to establish his impairments and his limitations, the Court finds no error.

An order in conformity has this day entered.